**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America, | CR 02-00531-RSWL-1 |
| Plaintiff, | **ORDER RE: DEFENDANT'S REQUEST FOR PROOF OF CLAIM FROM THE U.S. ATTORNEY** [416] |
| v. | |
| Cenobio H. Herrera, Sr., | |
| Defendant. | |

Currently before the Court is Defendant Cenobio H. Herrera's ("Defendant") Request for Proof of Claim From the U.S. Attorney [416]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS**: Defendant's Request is **DENIED**.

Defendant has directly appealed his conviction and sentence in this criminal matter multiple times [184, 301, 336, 414]. However, not once has he raised the

issue of subject matter jurisdiction before the Ninth Circuit.  Accordingly, Defendant has "procedurally defaulted" his claim challenging this Court's subject matter jurisdiction.  See <u>Bousley v. U.S.</u>, 523 U.S. 614, 622 (1998); <u>United States v. Braswell</u>, 501 F.3d 1147, 1149-50 (9th Cir. 2007).  Moreover, Defendant does not argue that the <u>Bousley</u> exceptions of "cause" and "prejudice" or "actual innocence," which justify failure to raise a claim on direct review, apply here. See <u>Bousley</u>, 523 U.S. at 622 ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" (internal citations omitted)).

Furthermore, Defendant's Motion fails on the merits for, as previously held by this Court, Dkt. ## 238, 252, 289, and stated in more detail in the Government's Opposition, Opp'n Part II.D, this Court had proper subject matter jurisdiction over Defendant's offense. Thus, the Court **DENIES** Defendant's Request for Proof of Claim From the U.S. Attorney.

**IT IS SO ORDERED.**
DATED: May 30, 2013

RONALD S.W. LEW
---
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

2